# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELINDA LONERGAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 09-3301 |
| | : | |
| RITE AID CORPORATION, et al., | : | |
| Defendants. | : | |

**Goldberg, J.**                                                              **March 15, 2010**

## MEMORANDUM OPINION

This case stems from an incident occurring at Rite Aid, wherein Plaintiff was accused of shoplifting and subsequently arrested. The issue before the Court is whether the Defendant retail store and its independently employed security personnel were acting under the color of state law, and thus subject to liability under 42 U.S.C. § 1983, when they detained, and then caused to be arrested, the alleged shoplifter.

Currently pending are Defendant Rite Aid's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) & 12(b)(6) and Plaintiff's two Motions For Leave of Court to Amend the Complaint to add defendants. Because we find that the Complaint fails to establish that Defendants acted under color of state law, as required under § 1983, and neither Motion For Leave of Court to Amend the Complaint would remedy the defect, the Motion to Dismiss will be granted.

1

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff has brought this civil rights action seeking monetary damages against Defendants Rite Aid of Pennsylvania, Inc. ("Rite Aid");[1] Marc Thomas,[2] a security guard working at Rite Aid; John Doe (1); John Doe (2); and Jane Doe.[3] Plaintiff alleges that Defendants are liable under 42 U.S.C. § 1983 for depriving her of her "freedom of speech, freedom to petition for redress of grievances, freedom from unreasonable arrest, false arrest, search and seizure, freedom from warantless arrest, freedom from arrest without probable cause, freedom from the use of unreasonable force by a police officer, freedom from malicious prosecution, and due process of the law" as protected under the First, Fourth and Fourteenth Amendments of the Constitution and by 42 U.S.C. §§ 1983 and 1988. Plaintiff also raises various claims under Pennsylvania law. (Compl., ¶¶ 10, 34-35.) While Plaintiff alleges "use of unreasonable force by a police officer," no police officers are named as Defendants.

The allegations at issue arise from an incident occurring on July 27, 2007 at a Rite Aid store located at 4390 Richmond Street, Philadelphia, Pennsylvania. Viewing the Complaint in a light most favorable to Plaintiff, she alleges that while shopping at Rite Aid she opened an item called Dentemp, valued at $4.50, because her tooth was hurting. Plaintiff was then approached by security

---

[1] Defendant Rite Aid was incorrectly identified in the Complaint as "Rite Aid Corporation."

[2] Defendant Marc Thomas was incorrectly identified in the Complaint as "Mark Thomas."

[3] Plaintiff was unaware of the identity of several actors allegedly involved in the incident at the time she filed her Complaint. According to the Complaint, John Doe 1 "is believed to be a business entity engaged in the business of providing security and police services to businesses like Defendant, Rite Aid." John Doe 2 and Jane Doe "were believed to be security guards and/or other employees of Defendant Rite Aid." (Compl., ¶¶ 6-7.)

2

personnel, including Defendant Marc Thomas, who inquired whether she intended to purchase the product. Plaintiff claims that although she indicated that she intended to purchase the Dentemp, security personnel assaulted and handcuffed her, and took her to a back room. (Compl., ¶¶ 13-17.)

Defendants then contacted the Philadelphia Police Department and upon their arrival filed a complaint claiming that Plaintiff had committed retail theft. Plaintiff further alleges that Defendants "prepared false police reports and/or gave false statements." Plaintiff was arrested by the Philadelphia police, taken into custody and spent two days in jail. All charges against Plaintiff were eventually dropped. (Compl., ¶ 19, 22, 24-25.)

Defendant Rite Aid's Motion to Dismiss primarily asserts that this Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to establish state action as required under 42 U.S.C. § 1983. (Mot. to Dismiss, ¶¶ 11-17.)[4] Plaintiff has also filed two Motions for Leave of Court to Amend the Complaint. The first seeks to substitute Honor Guard Security, employer of Marc Thomas, for one of the John Doe Defendants. The second seeks to substitute Rite Aid manager Kimberly Rosa for the Jane Doe Defendant.

## II. ANALYSIS

### A. Motion to Dismiss

As set forth above, Defendant Rite Aid asserts that this case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. The Third Circuit has held that "where the motion to dismiss is based on the lack of state

---

[4]Defendant Marc Thomas has recently filed an Answer alleging, amongst other things, that he did not act under color of state law. Thomas has not, however, filed any type of motion seeking dismissal of the Complaint. (Answer with Affirm. Defenses of Marc Thomas.)

action, dismissal is proper only pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and not under Rule 12(b)(1) for lack of jurisdiction." Boyle v. Governor's Veterans Outreach & Assistance Center, 925 F.2d 71, 74 (3d Cir. 1991). Therefore, we will analyze the sufficiency of the Complaint under Rule 12(b)(6).

Under Fed. R. Civ. P. 12(b)(6), a court must grant a motion to dismiss if plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)). The Iqbal Court recently summarized the pleading standard established in Twombly:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S.Ct. at 1949 (citations omitted).

The Iqbal Court articulated two principles that underlie the holding in Twombly. First, a court must accept as true all of the factual allegations made in a pleading, but not the legal conclusions. Id. Second, only a complaint that states a "plausible claim for relief survives a motion to dismiss." Id. at 1950. Determining plausibility is a "context specific task." Id. In short, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

4

the complaint has alleged-but it has not shown-that the pleader is entitled to relief." Id. (citing Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted).

Plaintiff seeks to recover under 42 U.S.C. § 1983, which provides that:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To prevail under § 1983, the plaintiff has the burden of establishing that the defendant deprived the plaintiff of a right protected by the constitution and that it was done while "acting under the color of state law." Shannon v. Spectaguard, Inc., 1995 WL 322650 (E.D.Pa. May 26, 1995); Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under the color of law." Groman, 47 F.3d at 638 (citing Versarge v. Township of Clinton, N.J., 984 F.2d 1359, 1363 (3d Cir. 1993)).

While private conduct is generally not covered by § 1983, private action can be converted into one "under the color of state law." However, this does not happen "merely by some tenuous connection to state action. The issue is not whether the state was involved in some way in the relevant events, but whether the action taken can be fairly attributed to the state itself." Id. at 638-39 (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974)). Importantly, as it relates to this case, "merely calling the police, furnishing information to the police or communicating with a state official does not . . . transform a private entity into a state actor." Lawson v. Rite Aid of Pennsylvania, Inc., 2006 WL 2136098 at * 3 (E.D.Pa. July 26, 2006)

5

(citing Cooper v. Bank of America Corp., 2006 U.S. Dist. LEXIS 23388, at *7 (E.D.Pa. Apr. 26, 2006)).

In cases involving accusations of shoplifting, the Third Circuit has established "that a store and its employees cannot be held liable under § 1983 unless: (1) the police have a pre-arranged plan with the store; and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause." Cruz v. Donnelly, 727 F.2d 79, 81 (3d Cir. 1984).

Here, Plaintiff alleges that "at all times material to this Complaint, Defendants, Rite Aid, Mark [sic] Thomas and John Does 1 and 2 and Jane Doe acted under the color of law." (Compl., ¶ 10.) However, the Complaint names only private actors as Defendants, namely a store and its security personnel. Therefore, in order to make a § 1983 claim in this case, Plaintiff would have to allege that the police had a pre-arranged plan with Rite Aid and that under the plan, the police would arrest anyone identified as a shoplifter without independently evaluating the presence of probable cause. See Cruz, 727 F.2d at 81. There are no such allegations in the Complaint.

In her Response to Defendant Rite Aid's Motion to Dismiss, Plaintiff asserts that "if the legal standard cited in Defendant's Motion is the correct standard, it is likely that upon discovery it will turn out that Rite Aid did have a special relationship with the Police that allows the Police to arrest the shoplifter without an independent evaluation. In this case, that is exactly what occurred." (Pl.'s Resp. to Mot. to Dismiss, ¶ 20.) Plaintiff further alleges that the Court could "easily infer" from a reading of the facts as set forth in the original Complaint, that Rite Aid had a special relationship with the Philadelphia police "that caused the Plaintiff to be arrested without the police performing an independent investigation." Plaintiff emphasizes the following from the Complaint in support

6

of her opposition to the motion:

> At all times relevant, Plaintiff intended to purchase said items when she was finished shopping. Despite these facts, Defendants, in an aggressive and physical manner, detained Plaintiff, verbally insulted Plaintiff, handcuffed Plaintiff and caused her to suffer severe embarrassment and humiliation by calling the police and having her arrested. [emphasis supplied] Plaintiff was arrested by the Philadelphia Police Department, taken into custody, and required to spend the next two days in jail.

(Pl.'s Resp. to Mot. to Dismiss, ¶ 20 (citing Compl., ¶ 19.))

Plaintiff asserts that the above averment makes out a claim under § 1983 against Defendant Rite Aid. We disagree. While the Complaint does allege that after Thomas, a private security guard, detained Plaintiff, the police were called, and Defendants "prepared false police reports and/or gave false statements" to the police, these allegations do not establish that Rite Aid and the police had a pre-arranged plan. (Compl., ¶¶ 19, 22, 24-25.)

We decline, as Plaintiff suggests, to "infer that Rite Aid had a special relationship with the police." Iqbal cautions that: "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950. Viewing the facts in the light most favorable to the Plaintiff, the Court is unable to draw a reasonable inference that Defendants had a pre-arranged plan with the Philadelphia Police Department. Something more is needed. Alleging that "it is likely upon discovery" that such a relationship will be uncovered is not sufficient to satisfy the Iqbal pleading standard, which requires more than "a sheer possibility" that Defendants acted unlawfully. Plaintiff, therefore, has not shown

7

Defendants were acting under the color of state law as required by § 1983.[5]

Lastly, Defendant Marc Thomas has not joined Rite Aid's Motion to Dismiss. However, "the court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's actions." Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (citing Tamari v. Banche & Co. (Lebanon) S.A.L., 565 F.2d 1194, 1198 (7th Cir. 1977), cert denied, 435 U.S. 905, 98 S.Ct 1450, 55 L.Ed. 2d 495 (1978)). A court may only dismiss a complaint on the pleadings if "no set of facts could be adduced to support the plaintiff's claim for relief." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). For the reasons stated above, we also find no set of facts can be adduced to support Plaintiff's § 1983 claim against Marc Thomas. We, therefore, dismiss the claim against Marc Thomas.

### B. Proposed Amended Complaints

Under Fed. R. Civ. P. 15(a), a court is to grant leave to amend freely "when justice so requires." "[I]f a plaintiff seeks leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice or futility of amendment." Grayson v. Mayview State Hosp., 293 F.3d 103, 108, (3d Cir. 2002)(citing Forman v. Davis, 371 U.S. 178, 182 (1962)). Amendment would be "futile" if the amended complaint would fail to state a claim upon which relief could be granted as determined by the standard of legal sufficiency that applies in Rule 12(b)(6) motions. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

---

[5] As the sole federal claim has been found to be lacking, we refuse to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C.A. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if (3) the district court has dismissed all claims over which it has original jurisdiction.")

Plaintiff has filed two "Motion[s] for Leave of Court to Amend Complaint." The first seeks to substitute Honor Guard Security for one of the John Doe Defendants. The proposed amended complaint states that Honor Guard Security "is believed to be a business entity engaged in the business of providing security and police services to businesses like Defendant, Rite Aid." Defendant Rite Aid agrees with the request of Plaintiff to add Honor Guard Security as a Defendant.

The second motion seeks to substitute Kimberly Rosa for the Jane Doe Defendant, alleging that Rosa ordered Marc Thomas to detain Plaintiff. The proposed second amended complaint states that Kimberly Rosa "is believed to be a female manager that was and/or still is employed by Defendant, Rite Aid, who instructed Defendant, Marc Thomas, to detain and arrest Plaintiff." Rite Aid opposes this request because it claims it does not know that Kimberly Rosa was physically present at the store at the time of the incident and the police report does not identify a female manager as a witness and/or victim/complainant. (Answer of Def. Rite Aid to Pl.'s Mot. for Leave of Court to File a Second Amended Compl., ¶¶ 4-5.)

We find that Plaintiff's proposed amended complaints do not remedy the fatal error of the original Complaint, that no Defendant was acting under the color of state law. Plaintiff does not allege that Kimberly Rosa or Honor Guard Security "acted under the color of state law" in any way different from what has been alleged of the original Defendants. Nor does Plaintiff, in either proposed amended complaint, request leave to add as defendants the state actors involved, the Philadelphia Police Department and the individual police officers. We, therefore, find that neither proposed amended complaint will rectify the deficiencies of the original Complaint.

### III. CONCLUSION

Plaintiff has not properly alleged that any of the named Defendants were acting under the color of state law as is required to establish liability under § 1983. Further, granting Plaintiff's Motions for Leave of Court to Amend the Complaint would be futile because the proposed amended complaints suffer from the same defects as the original Complaint.

Our Order follows.